UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ABDI MOHAMMED GUREWARDHER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-30-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN ORMOND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**** **** **** ****

This matter is pending for consideration of the motion to dismiss filed by Defendant J. Ray Ormond, Warden of the United States Penitentiary – McCreary. Alternatively, Defendant Ormond seeks summary judgment in his favor. [Record No. 11] Having been fully briefed, the motion is ripe for decision.

**I.**

Plaintiff Abdi Gurewardher alleges that, on December 1, 2014, two fingers on his left hand had to be amputated after a cell door closed on them as the result of faulty design. Specifically, Gurewardher alleges that because there is no handle or knob on the inside of the cell door, inmates "must pull the door closed at the seam of the door jam."[1] He contends that Warden Ormond failed to remedy this condition, resulting in a violation of unidentified constitutional rights and under common law. He seeks both compensatory and punitive damages. [Record No. 1 at pp. 3-5]

---

[1] The warden notes that the cell doors actually do have handles that can be used to pull the door shut but, for security purposes, they are recessed into the door rather than extending outward from it. [Record No. 11-1 at 4; 11-3 at 2-4]

Gurewardher attached to his Complaint a Standard Form 90, *Claim for Damage, Injury, or Death*, and a copy of the Bureau of Prisons' October 5, 2015, letter denying his request for administrative settlement of his claim arising out of this same injury.  [Record No. 1-1 at pp. 5-11] The plaintiff's Complaint is deemed filed pursuant to the prison mailbox rule on February 11, 2016.  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ) ("a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. . . .  [A]bsent contrary evidence, a prisoner does so on the date he or she signed the complaint."); [Record No. 1 at 11]

Because Gurewardher is proceeding without counsel, his claims are given liberal construction.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).  The Court, therefore, has treated his Complaint as asserting a violation of his rights under the Eighth Amendment pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), as well as a claim for negligence under Kentucky law.  [Record No. 6 at 2]  The Court also notes that, while Gurewardher apparently satisfied the prerequisites to filing suit under the Federal Tort Claims Act, 28 U.S.C. § 1346, 2671 *et seq*. ("FTCA"), he did not expressly assert such a claim nor did he name the United States as a defendant.  *Id*. at 3.

## II.

The Court will treat the defendant's motion to dismiss as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure because he has attached and relied upon documents and declarations extrinsic to the pleadings.  Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1104 (6th Cir. 2010).  A motion under Rule 56 challenges the viability of the opposing party's claim by asserting that at least one essential element is not supported by legally-sufficient evidence.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S.

317, 324-25 (1986).  A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that he or she is entitled to a judgment as a matter of law.  *Loyd v. St. Joseph Mercy Oakland*, 766 F. 3d 580, 588 (6th Cir. 2014).

The defendant does not need his own evidence to support this assertion, but need only point to the absence of evidence to support the plaintiff's claim.  *Turner v. City of Taylor*, 412 F. 3d 629, 638 (6th Cir. 2005).  Further, the plaintiff as the responding party cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrates that a factual question remain for trial.  *Hunley v. DuPont Auto*, 341 F. 3d 491, 496 (6th Cir. 2003); *United States v. WRW Corp.*, 986 F. 2d 138, 143 (6th Cir. 1993) ("A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there an obligation to 'wade through' the record for specific facts.").

The court reviews all of the evidence presented by the parties in a light most favorable to the non-moving party, with the benefit of any reasonable factual inferences which can be drawn in his favor.  *Harbin-Bey v. Rutter*, 420 F. 3d 571, 575 (6th Cir. 2005).  However, if the non-moving party's allegations are so clearly contradicted by the record that no reasonable jury could adopt them, the court need not accept the allegations when determining whether summary judgment is warranted.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  The court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  Furhter, if the applicable substantive law requires the responding party to meet a higher burden of proof, his evidence must be sufficient to sustain a verdict in his favor in light of that

heightened burden of proof at trial.  *Harvey v. Hollenback*, 113 F. 3d 639, 642 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F. 2d 1439, 1444 (6th Cir. 1993).

Here, Defendant Ormond contends that he could not have been responsible for the plaintiff's injury because, when Gurewardher was hurt on December 1, 2014, he was serving as the warden of the Federal Detention Center in Honolulu, Hawaii.  He did not take his post at USP – McCreary until February 2016, or over a year after Gurewardher was injured.  [Record No. 11-1 at 2, 11-14; No. 11-3]  He further notes that Gurewardher's claims under *Bivens* and Kentucky common law are barred because he failed to exhaust his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e(a) and because he filed his Complaint after Kentucky's one-year statute of limitations had expired.  [Record No. 11-1 at 6-11]

In his one-paragraph response, Gurewardher concedes that Warden Ormond is not the proper defendant, and requests permission to "withdraw his complaint with leave to re-file on proper defendant."  The plaintiff also characterizes his request as one "to substitute or amend complaint to correct/change to proper defendant."  However, Gurewardher does not identify who he believes the correct defendant should be nor has he tendered an amended complaint with his response.  [Record No. 15 at 1]  Warden Ormond construes Gurewardher's response as a request to file an amended complaint against "different employees from United States Penitentiary (USP) McCreary in their individual capacity."  He contends that this request should be denied as futile because any claims against such employees would be both unexhausted and time-barred.  [Record No. 16 at 1-4]

Having reviewed the record and the submissions of the parties, the Court concludes that Gurewardher's Complaint should be dismissed, with prejudice, without leave to amend.  Gurewardher does not contest Warden Ormond's assertion that he was not employed as the

-4-

Warden of USP-McCreary until a year after he was injured.  [Record No. 11-3]  The defendant, therefore, could not have been involved in or legally responsible for the design of the cell door which may have contributed to the injury to Gurewardher's hand.  The plaintiff can state no viable claim, absent Warden Ormond's personal involvement in the conduct about which he complains. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003).   Further, the Warden is not responsible for the acts of his subordinates merely by virtue of his supervisory authority. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see also Brazelton v. Holt*, 462 F. App'x 143, 146 (3rd Cir. 2012).

If the Warden is correct that Gurewardher's requested amendment would substitute other individual employees as defendants in his place, there are numerous reasons why the amendment should be denied, including futility.  Rule 15(a) of the Federal Rules of Civil Procedure directs that leave to amend a complaint should be "freely given."  However, "implicit in this statement is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002).  Gurewardher's failure to tender a proposed amended complaint - or to even to identify a defendant he wishes to substitute and the new claims he wishes to pursue – deprives the Court of any basis to permit the requested amendment.

Additionally, a district court should deny a requested amendment where the proposed amendment would be futile, such as where the newly-added claim would be subject to dismissal. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).  Federal law required Gurewardher to exhaust his administrative remedies prior to filing suit.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and

that unexhausted claims cannot be brought in court.").   The records provided by Defendant Ormond establish that the plaintiff has filed no inmate grievances at all, let alone one regarding his injury.  [Record No. 11-2]  Thus, he failed to exhaust his administrative remedies.  And because the time to file such grievances has long passed, that failure requires dismissal of the underlying claims with prejudice.  *See* 28 C.F.R. §§ 542.14-.18; *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . .")

Gurewardher also has failed to timely assert his *Bivens* and common law claims.  As a result, they are barred by the applicable statute of limitations.  The plaintiff's claims accrued on the day he was injured (December 1, 2014).  *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).  Because the remedy afforded in a *Bivens* action is entirely judge-made, there is no statutory limitations period.  Instead, federal courts apply the most analogous statute of limitations from the state where the events occurred.  *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985).  The events about which Gurewardher complains occurred in Kentucky.  Therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies.  Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

Gurewardher was required to file suit by December 1, 2015.  The running of the limitations period was not tolled for any period needed to exhaust administrative remedies because in this case Gurewardher undertook no such efforts.  *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). His Complaint, filed on February 11, 2016, was untimely.  As a consequence, his claims must be

dismissed. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001). In addition, "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). Thus, any constitutional tort or common law claims against newly-added individual defendants would be time-barred.

Finally, it is possible that Gurewardher wishes to amend his Complaint to add the United States as a defendant and assert a claim under the FTCA. But such a claim would also be time-barred. It would constitute the addition of a new claim against a new party, and hence would not relate back to the filing of the original complaint under Rule 15(c). *Id.* Federal law required Gurewardher to file suit under the FTCA within six months after the BOP's October 5, 2015, denial of his request for administrative settlement. 28 U.S.C. §§ 2401(b), 2675(a); [Record No. 1-1 at 10-11] Gurewardher's February 11, 2016, Complaint was filed just prior to the expiration of this period, but as previously noted, his Complaint neither asserted a claim under the FTCA nor named the United States as a defendant. [Record No. 6 at 2] The FTCA "clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee [and] the failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)). In summary, having failed to timely and properly assert a FTCA claim in his original Complaint and without a basis to permit relation back, amendment of Gurewardher's Complaint to assert a FTCA claim against the United States would be futile, and the requested amendment must be denied.

**III.**

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1.      Warden J. Ray Ormond's motion dismiss the Complaint or, in the alternative, for summary judgment [Record No. 11] is **GRANTED**.

2.      Abdi Mohammed Gurewardher's Complaint [Record No. 1] is **DISMISSED** with prejudice.

3.      The corresponding judgment will be entered this date.

4.      This matter is **STRICKEN** from the docket.

This 21st day of October, 2016.

Signed By:

*Danny C. Reeves*    DCR

**United States District Judge**